# Skillington *v.* The State.

*Assault and Battery.*

(Decided May 3, 1912. Rehearing denied June 19, 1912. 59 South. 1912.)

1. *Witnesses; Defendant; Impeachment.*—Where defendant in a criminal case testifies as a witness in his own behalf, he subjects himself to the same rule with reference to impeachment as a witness as if he were a stranger to the cause, and the State may prove that prior to the commission of the offense his general character in the community in which he lived was bad.

2. *New Trial; Criminal; Review.*—The granting or refusal of a motion for new trial in a criminal case is within the irrevisable discretion of the trial court.

[Skillington v. The State.]

APPEAL from Madison Law and Equity Court.

Heard before Hon. JAMES H. BALLENTINE.

Joe Skillington was convicted of assault and battery, and he appeals. Affirmed.

TROUP & NIX, for appellant. The witness Trotman showed himself incompetent to testify as a character witness.—16 Cyc. 1277; 3 Enc. of Evid. 29; *Dave v. The State,* 22 Ala. 36; *Mose v. The State,* 36 Ala. 230; *Jackson v. The State,* 106 Ala. 17. The court also erred in permitting defendant's general character to be shown, and therefore, erred in its refusal to grant motion for a new trial.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The defendant put himself up as a witness, and was therefore subject to impeachment as any other witness, and as a proof of his general character, was limited to a time prior to the commission of the alleged offense, the court properly permitted the testimony.—*McGuire v. The State,* 2 Ala. App. 131. The court's action on the motion for new trial was not revisable.

DE GRAFFENRIED, J.—1. When a defendant in a criminal case takes the stand and testifies as a witness in the case, he subjects himself to the same rules, relative to the impeachment of witnesses, as if he were a stranger to the case. This rule is firmly fixed, and is based upon sound principles; and the trial court committed no error in allowing the state, for the purpose of impeachment, to prove that the defendant was a man whose general character in the community in which he lived was bad. The trial court expressly limited this evidence to the impeachment of the defendant, who had testified as a witness in the case; and it also limited the

evidence as to the bad character of the defendant to that period of his life which antedated the commission of the alleged offense for which he was being tried. In other words, in the admission of this testimony, the trial court, by express rulings, kept within the very letter of the law.

2. The action of a trial court in granting or refusing to grant a motion for a new trial in a criminal case is within the irrevisable discretion of the trial court; and the refusal of the trial court to grant the defendant's motion for a new trial presents nothing to us for review.

Affirmed.